**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)
601 Congress Street
Boston, Massachusetts 02210

Plaintiff

v.

LIZABETH STEVENS
624 I Street, N.W.
Washington, D.C. 20001

Serve on:
Lizabeth Stevens
624 I Street, N.W.
Washington, D.C. 20001

Defendant

Civil Action No.: _______________

* * * * * * * * * * * * *

## COMPLAINT

COMES NOW the Plaintiff, John Hancock Life Insurance Company (U.S.A.) (hereinafter "John Hancock" or "Plaintiff") by its attorneys, Scott M. Trager, Esquire and Semmes, Bowen, and Semmes, and sues Lizabeth Stevens ("Ms. Stevens"), and for cause states:

## INTRODUCTION

1. This is an action to recover an Annuity overpayment in the amount of $236,080.00. Tony Morgan ("Mr. Morgan" or "Decedent") was entitled to life-contingent annuity installment payments from John Hancock as a result of winning the District of Columbia Lottery. Unbeknownst to John Hancock, Mr. Morgan died on August 5, 2008. Over a period of approximately five (5) years, Mr. Morgan's daughter, Ms. Stevens, knowingly and/or

fraudulently negotiated nineteen (19) checks posthumously issued to Mr. Morgan, and is liable to John Hancock for the total amount of the overpayment, plus interest.

**PARTIES**

2. John Hancock Life Insurance Company (U.S.A.) is a corporation with its statutory office in Michigan and its administrative office in Massachusetts, and is authorized to do business in the District of Columbia.

3. Defendant Lizabeth Stevens is a citizen of the United States and is domiciled in the District of Columbia.

**JURISDICTION & VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity) as this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the Defendant resides in the District of Columbia.

**FACTS COMMON TO ALL COUNTS**

6. On or about March 2, 1984, in connection with winning the District of Columbia Lottery, Tony Morgan executed an Immediate Annuity Application (the "Application") with Manufacturers Life Insurance Company.[1] A true and accurate copy of the Application is attached hereto as *Exhibit 1*.

7. The Annuity, Contract No. GAC ---------------0181 (the "Annuity"), provided for seventy-six (76) guaranteed quarterly installment payments of $13,000.00 ($52,000.00/year)

---

[1] Plaintiff, John Hancock Life Insurance Company (U.S.A.) was formerly known as Manufacturers Life Insurance Company.

from March 9, 1984 to March 9, 2003, a period of nineteen (19) years ("the certain period"). Beyond the conclusion of the certain period on March 9, 2003, payments under the Annuity were life-contingent, meaning that they were only payable as long as Mr. Morgan, the annuitant, was alive. If, after March 9, 2003, Mr. Morgan died, then no additional payments were due under the Annuity. Specifically, the contract specification page for the Annuity states:

> IMMEDIATE LIFE ANNUITY, CERTAIN PERIOD, NON-PARTICIPATING
>
> QUARTERLY PAYMENT - $13,000.00
>
> BEGINNING ON – 9 MAR 1984
>
> PAYABLE – FOR 19 YEARS, THE CERTAIN PERIOD, UNTIL 76 PAYMENTS HAVE BEEN PAID, AND AFTER THAT FOR REMAINING LIFETIME OF ANNUITANT

*See Exhibit 2.*

8. Mr. Morgan died on August 5, 2008. A true and accurate copy of his State of Maryland Certificate of Death is attached hereto as *Exhibit 3.*[2]

9. Mr. Morgan's Certificate of Death identifies the "Informant" of his death as "Elizabeth [sic] Morgan – Daughter," the Defendant in this action. *Id.* At no time did Defendant inform John Hancock that Mr. Morgan had passed away.

10. John Hancock was not aware that Mr. Morgan had died through any other source, either. Believing that Mr. Morgan was still alive, John Hancock continued to send his quarterly annuity installment payments to his address on file at 8410 Adelphi Road, Hyattsville, Maryland 20783.

---

[2] The Social Security Number listed in Mr. Morgan's Certificate of Death differed from the one listed in the Application.

11. 8410 Adelphi Road, Hyattsville, Maryland 20873 is owned by Defendant, Lizabeth Stevens.[3] A true and accurate copy of the Maryland State Department of Assessment and Taxation ("SDAT") real property data search regarding this address is attached hereto as *Exhibit 4.*

12. Between September 10, 2008, and September 17, 2013, the Defendant knowingly and/or fraudulently negotiated nineteen (19) checks sent by John Hancock to Decedent, totaling $236,080.00, plus interest. True and accurate copies of the images of the cancelled checks are attached hereto as *Exhibit 5.* The endorsement on the back of all of these checks reads "Tony Morgan." The following chart depicts the itemization of those checks that were knowingly and/or fraudulently negotiated by the Defendant:

| CHECK NUMBER | AMOUNT | DATE |
|---:|---:|---:|
| 222974 | $13,000.00 | September 10, 2008 |
| 264291 | $13,000.00 | December 4, 2008 |
| 304703 | $13,000.00 | March 4, 2009 |
| 344168 | $13,000.00 | June 9, 2009 |
| 383007 | $13,000.00 | September 8, 2009 |
| 421281 | $13,000.00 | December 9, 2009 |
| 459048 | $13,000.00 | March 8, 2010 |
| 496623 | $13,000.00 | June 2, 2010 |
| 534479 | $13,000.00 | September 9,2010 |
| 571863 | $13,000.00 | December 8, 2010 |
| 609257 | $13,000.00 | March 7, 2011 |
| 646192 | $13,000.00 | June 6, 2011 |
| 682835 | $13,000.00 | September 9, 2011 |
| 719158 | $13,000.00 | December 6, 2011 |
| 755037 | $13,000.00 | March 8, 2012 |
| 860320 | $13,000.00 | December 7, 2012 |
| 895763 | $9,360.00 | March 8, 2013 |
| 930976 | $9,360.00 | June 4, 2013 |
| 966480 | $9,360.00 | September 17, 2013 |

[3] It is believed that Defendant's mother, Sally Morgan ("Ms. Morgan"), and her boyfriend, Rocky John ("Mr. John"), reside at this address. Upon information and belief, Defendant resides in the District of Columbia above her psychic studio business.

13. In September 2013, John Hancock learned that Mr. Morgan had died on August 5, 2008. Specifically, several Annuity checks payable to Mr. Morgan were returned to John Hancock uncashed. This triggered John Hancock to investigate the status of Mr. Morgan using an independent system, the Accurint system, in September 2013, at which time John Hancock first discovered that Mr. Morgan was deceased.[4]

14. Upon learning of Mr. Morgan's death, John Hancock investigated the circumstances surrounding the posthumous payment of Annuity benefits. Nearly all of the checks, *i.e.,* seventeen (17) checks, that were sent by John Hancock to Mr. Morgan following his death were negotiated by Ms. Stevens at University Liquors, which is a liquor store/check cashing service located 7925 New Hampshire Avenue, Hyattsville, Maryland 20783. University Liquors is owned by Harry Starner. Mr. Starner and his brother, Travis Starner, knew Mr. Morgan and had cashed checks for him at this location for many years.

15. The other two (2) checks were negotiated at Check Cash Depot, located at 1756 Columbia Road, N.W., Washington, D.C. 20009.

16. Dating back to on or around September 9, 2007, Mr. Morgan came into University Liquors and informed Harry Starner that Mr. Morgan was sick and that Defendant, Lizabeth Stevens, had permission to cash Mr. Morgan's checks. However, after Mr. Morgan died, and between September 10, 2008 and December 8, 2012, Defendant negotiated seventeen (17) checks payable to Mr. Morgan from John Hancock at University Liquors.

---

[4] John Hancock periodically conducts a search on the Social Security Administration death report (which is based on Social Security Numbers) in order to check whether annuity beneficiaries remain alive and, therefore, entitled to continued payment of benefits. However, it was later discovered that Mr. Morgan had provided the incorrect Social Security Number on his Annuity Application. Instead of providing his own Social Security Number, he provided his 15-year-old son's Social Security Number.

17. At University Liquors, Defendant arrived with the checks pre-endorsed. Either Defendant or another family member forged Mr. Morgan's signature on the back of the checks. Defendant informed either Harry Starner or his brother, Travis Starner, that Mr. Morgan was sick and that he gave her permission to cash the checks on his behalf. Mr. Starner or his brother would ask the Defendant to call Mr. Morgan on her cellular phone and then she would hand it over to them to talk to Mr. Morgan. Harry Starner believed he was speaking to Mr. Morgan because the male voice on the other end of the line was similar to Mr. Morgan's. The alleged Mr. Morgan provided permission for the Defendant to cash the checks.

18. However, in actuality, Defendant would call her home telephone number and her mother, Ms. Morgan, would answer the phone. Ms. Morgan would then hand the telephone over to her boyfriend, Mr. John, who would impersonate Mr. Morgan's voice and provide permission for Ms. Stevens to cash the John Hancock checks.

19. Defendant knew that Mr. Morgan was dead, but concealed this material fact from the Starners and John Hancock. Defendant also knew that the Starners (or any other check cashing service or bank) would not continue to cash the John Hancock checks if they knew that Mr. Morgan was dead. Defendant further knew that if John Hancock was aware that Mr. Morgan was dead, that John Hancock would stop sending the quarterly Annuity installment checks.

20. John Hancock has previously made demand on Defendant for repayment of the $236,080.00. However, to date, Defendant has refused to reimburse Defendant for the overpayment amount.

**COUNT I – Conversion**

21. Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1 though 20 as though fully set forth herein.

22. Believing that Mr. Morgan, as the beneficiary and payee of the Annuity, was still alive and entitled to quarterly Annuity installment payments under the Annuity, Plaintiff issued such payments to Mr. Morgan from September 10, 2008 through September 17, 2013, in the total amount of $236,080.00, plus interest, when, in fact, no payments were due under the Annuity beyond Mr. Morgan's death on August 5, 2008.

23. Neither Mr. Morgan nor Defendant was the proper payee or beneficiary of the Annuity following Mr. Morgan's death. Indeed, the $236,080.00 in Annuity funds, plus interest, sent to Mr. Morgan after Mr. Morgan's death between September 2008 and September 2013 belong to John Hancock.

24. Defendant wrongfully negotiated the $236,080.00, plus interest, in Annuity benefits that were sent to Mr. Morgan between September 10, 2008 and September 17, 2013.

25. Defendant has unlawfully exercised ownership, dominion or control over the $236,080.00 in post-death funds, plus interest, that belong to John Hancock in denial or repudiation of John Hancock's rights thereto.

26. John Hancock is entitled to immediate possession of the $236,080.00 in post-death funds, plus interest, that were sent to Mr. Morgan's address of record following his death on August 5, 2008.

WHEREFORE, Plaintiff, John Hancock Life Insurance Company (U.S.A.), demands judgment against Defendant Lizabeth Stevens, in the amount of $236,080.00, plus costs, expenses, pre-judgment interest, post-judgment interest and attorneys' fees.

**COUNT II - Unjust Enrichment**

27. Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1 through 26 as though fully set forth herein.

28. Believing that Mr. Morgan, as the beneficiary and payee of the Annuity, was still alive and entitled to quarterly Annuity installment payments under the Annuity, Plaintiff issued such payments to Mr. Morgan from September 10, 2008 through September 17, 2013, in the total amount of $236,080.00, plus interest, when, in fact, no payments were due under the Annuity beyond Mr. Morgan's death on August 5, 2008.

29. Neither Mr. Morgan nor Defendant was the proper payee or beneficiary of the Annuity following Mr. Morgan's death.

30. The continued payment of the Annuity installment payments, plus interest, by John Hancock conferred a benefit upon Defendant. Defendant wrongfully negotiated the Annuity installment payments, plus interest.

31. Defendant was aware of, and had knowledge of, the benefit conferred upon her as a result of the payment of the aforementioned quarterly Annuity installment payments, plus interest.

32. Defendant's acceptance and retention of the quarterly Annuity installment payouts made by Plaintiff, plus interest, of which she was aware that neither she nor Decedent

were entitled to after Decedent's death, make it unjust and inequitable for Defendant to retain these benefits.

33. John Hancock has demanded return of the monies from Defendant and Defendant has refused to return these funds.

WHEREFORE, Plaintiff, John Hancock Life Insurance Company (U.S.A.), demands judgment against Defendant Lizabeth Stevens, in the amount of $236,080.00, plus costs, expenses, pre-judgment interest, post-judgment interest and attorneys' fees.

**COUNT III – Constructive Trust**

34. Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1 through 33 as though fully set forth herein.

35. Believing that Mr. Morgan, as the beneficiary and payee of the Annuity, was still alive and entitled to quarterly Annuity installment payments under the Annuity, Plaintiff issued such payments to Mr. Morgan from September 10, 2008 through September 17, 2013, in the total amount of $236,080.00, plus interest, when, in fact, no payments were due under the Annuity beyond Mr. Morgan's death on August 5, 2008.

36. After September 17, 2013, when Check No. 966480 was sent, Plaintiff discovered that Mr. Morgan had passed away, and therefore, the nineteen (19) payments that were sent to Mr. Morgan between September 2008 and September 17, 2013, plus interest, were sent in error and were not properly payable to Mr. Morgan or Defendant.

37. Defendant obtained possession of the quarterly Annuity installment payouts from John Hancock by knowingly and/or fraudulently negotiating nineteen (19) checks that were addressed to Mr. Morgan between September 10, 2008 and September 17, 2013, plus interest.

38. Defendant has been unjustly enriched by retaining the quarterly Annuity installment payments that were sent after Mr. Morgan's death on August 5, 2008 and until September 17, 2013, plus interest, which rightfully belong to John Hancock. It would be inequitable for Defendant to retain the proceeds of the quarterly Annuity installment payments, plus interest, that John Hancock sent to Mr. Morgan after his death.

39. Defendant has a duty to return the proceeds of the quarterly Annuity installment payments totaling $236,080.00, plus interest, to John Hancock.

WHEREFORE, Plaintiff John Hancock Life Insurance Company (U.S.A.), requests that this honorable Court:

a. Charge upon Defendant a constructive trust of the proceeds of the quarterly Annuity installment payments from September 10, 2008 through September 17, 2013, totaling $236,080.00, plus interest, for the benefit of Plaintiff;

b. Order Defendant, a constructive trustee, to convey all of her right, title and interest in the Annuity overpayment in the amount of $236,080.00, plus interest, to Plaintiff; and

c. Award Plaintiff costs, pre-judgment interest, post-judgment interest, attorneys' fees and such other and further relief in law and equity Plaintiff may be entitled to receive.

**COUNT IV – Fraud – Fraudulent Concealment**

40. Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1 though 39 as though fully set forth herein.

41. Defendant knew that Mr. Morgan died on August 5, 2008.

42. Whether or not Mr. Morgan was alive was a material fact, since upon Mr. Morgan's death, no further quarterly Annuity installment payments were due and owing under the terms of the Annuity.

43. Defendant had a duty to disclose Mr. Morgan's death to the Plaintiff.

44. Defendant did not inform John Hancock that Mr. Morgan had died, although she had a duty to disclose this information to John Hancock.

45. As is alleged in Paragraphs 16-19, above, Defendant organized and/or participated in a scheme to defraud and/or deceive John Hancock regarding Mr. Morgan's death so as to continue to negotiate the quarterly Annuity installment payments, plus interest. Since Defendant did not disclose that Mr. Morgan was dead, and since John Hancock was justified in relying on the fact that Mr. Morgan was still alive, John Hancock continued to send the quarterly Annuity payments, plus interest, to Mr. Morgan's address of record of 8410 Adelphi Road, Hyattsville, Maryland (a property that is owned by Defendant) from September 10, 2008 until September 17, 2013. Over a period of five (5) years, Defendant knowingly and/or fraudulently negotiated nineteen (19) checks totaling $236,080.00, plus interest, that were made payable to Mr. Morgan.

46. As a result of Defendant's concealment, John Hancock has suffered damages.

WHEREFORE, Plaintiff, John Hancock Life Insurance Company (U.S.A.), demands judgment against Defendant Lizabeth Stevens, in the amount of $236,080.00, plus costs, expenses, pre-judgment interest, post-judgment interest, punitive damages, and attorneys' fees.

**COUNT V – Negligent Misrepresentation**

47. Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1 though 46 as though fully set forth herein.

48. Defendant knew that Mr. Morgan died on August 5, 2008.

49. Whether or not Mr. Morgan was alive was a material fact, since upon Mr. Morgan's death, no further quarterly Annuity installment payments were due and owing under the terms of the Annuity.

50. Defendant had a duty to disclose Mr. Morgan's death to the Plaintiff.

51. Defendant did not inform John Hancock that Mr. Morgan had died, although she had a duty to disclose this information to John Hancock.

52. John Hancock reasonably relied upon Ms. Stevens' omission concerning the death of Mr. Morgan to its detriment as it continued to send the quarterly Annuity payments, plus interest, to Mr. Morgan's address of record of 8410 Adelphi Road, Hyattsville, Maryland (a property that is owned by Defendant) from September 10, 2008 until September 17, 2013. Had Defendant informed John Hancock that Mr. Morgan died on August 5, 2008, then John Hancock would have stopped sending quarterly Annuity installment payments, plus interest, to Mr. Morgan under the clear terms of the Annuity contract.

WHEREFORE, Plaintiff, John Hancock Life Insurance Company (U.S.A.), demands judgment against Defendant Lizabeth Stevens, in the amount of $236,080.00, plus costs, expenses, pre-judgment interest, post-judgment interest and attorneys' fees.

**COUNT VI – Declaratory Judgment under 28 U.S.C. § 2201**

53. Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiff claims an entitlement and right to the return of the quarterly Annuity installment payments, plus interest, that were issued to Mr. Morgan from September 10, 2008

through September 17, 2013, knowingly and/or fraudulently negotiated by Defendant, and to which Defendant has no right to retain.

55. Since no quarterly Annuity installment payments were due after Mr. Morgan's death on August 5, 2008, the $236,080.00 representing those quarterly Annuity installment payments that were issued by John Hancock between September 10, 2008 and September 17, 2013, plus interest, belong to John Hancock.

56. Defendant has refused to return the $236,080.00, plus interest, representing the total quarterly Annuity installment payments that were issued in error to Mr. Morgan after his death, in direct contradiction to Plaintiff's claims and requests.

57. Defendant either has asserted or is expected to assert that she is entitled to the $236,080.00 in quarterly Annuity installment benefits that were issued to Mr. Morgan, plus interest.

58. There exists an actual controversy of a justiciable issue between Plaintiff and Defendant within the jurisdiction of this Court, involving the rights and liabilities of the Parties.

59. A declaratory judgment by this Court will terminate this controversy.

WHEREFORE, Plaintiff John Hancock Life Insurance Company (U.S.A.), requests that this honorable Court:

    a. Adjudicate and declare the rights and liabilities of the parties with respect to the quarterly Annuity installment payments dating from September 10, 2008 to September 17, 2013, and totaling $236,080.00, plus interest;

    b. Award Plaintiff costs, expenses, pre-judgment interest, post-judgment interest and attorneys' fees; and

  c. Award Plaintiff such other and further relief in law and equity Plaintiff may be entitled to receive.

Respectfully Submitted,

*/s/ Scott M. Trager*

Scott M. Trager
D.C. Bar No. 463538
Semmes, Bowen & Semmes
25 S. Charles Street, Suite 1400
Baltimore, Maryland 21201
410-539-5040 (phone)
410-539-5223 (fax)
strager@semmes.com

*Attorneys for Plaintiff, John Hancock Life Insurance Company (U.S.A.)*

B1573414.DOC